# CIRCUIT COURT OF FAIRFAX COUNTY

Judith B. Knotts

  v.

Joseph B. Knotts

April 10, 2000

Case No. (Chancery) 158349

BY JUDGE MARCUS D. WILLIAMS

This matter is before the Court on Defendant's Motion for Reconsideration. Defendant contends that the Court erred in finding that he failed to trace separate portions of the Prudential Securities Account ("Command Account") as his separate property. For the foregoing reasons, the Court denies Defendant's Motion for Reconsideration.

Judith and Joseph Knotts were married on August 4, 1962, and separated on July 19, 1998. The Defendant opened the Command Account, the property at issue, in October 1982 with three checks totaling $207,917. Defendant inherited these funds from the estate of his father. In January 1983, Defendant deposited an additional $23,787 in securities from his father's estate into the Command Account. On December 31, 1982, Defendant deposited $51,852 from a bonus that he earned from his place of employment. It is conceded that the $51,852 is marital property. Although Defendant stated that the $51,852 was the only marital property deposited into the account, Mr. Forrest Williams, Branch Manager for Prudential Securities, testified that there were other deposits and withdrawals made to the Command Account. Between December 1985 and June 1988, an additional amount of $135,035 was deposited into the account. At the same time, between January 1983 and June

1988, there were withdrawals made in the amount of $215,874 from the Command Account. Defendant was not able to provide a credible explanation as to the source of these later deposits and withdrawals. It was Defendant's burden to prove that the source of the deposits was his separate property. In the absence of sufficient evidence establishing the identity of separate property, the deposits are presumed to be marital property. *Barker v. Barker*, 27 Va. App. 519, 533, 500 S.E.2d 240, 246 (1998); *Rahbaran v. Rahbaran*, 26 Va. App. 195, 208, 494 S.E.2d 135, 141 (1997).

Defendant asserts that he sufficiently traced the separate portion of his inheritance from the marital portion of the Command Account. In order to trace a separate portion of a hybrid property, a party must establish the identity of a portion of hybrid property and directly trace that portion to a separate asset. *Rahbaran v. Rahbaran*, 26 Va. App. at 207, 494 S.E.2d at 141. Defendant failed to identify that part of the hybrid property traceable to his separate contributions. The Command Account is comprised of both separate and marital property. Moreover, the withdrawals from the account did not come from any asset identifiable as either separate or marital property. There is no evidence establishing that the withdrawals from the account were withdrawals of only marital funds as opposed to separate funds. Accordingly, there is no way to identify which portion of the account is marital and which is separate. The Court cannot find from the evidence that the withdrawals from the account were directly in proportion to the marital and separate property in the account.

Under the circumstances, direct tracing is impossible because Defendant's initial deposits lost their identity. Therefore, this Court denies Defendant's Motion for Reconsideration.